Delores BACHMEIER, Appellant (Plaintiff),

v.

Timothy HOFFMAN, individually and in his official capacity as Sheriff of Platte County, Wyoming; and the Board of County Commissioners of the County of Platte, Appellees (Defendants).

Bernard Matthews, Appellant (Plaintiff),

v.

Timothy Hoffman, individually and in his official capacity as Sheriff of Platte County, Wyoming; and The Board of County Commissioners of the County of Platte, Appellees (Defendants).

Nos. 98–128, 98–129.

Supreme Court of Wyoming.

March 29, 2000.

Representing Appellants: Bruce S. Asay and Keith S. Burron of Associated Legal Group, LLC, Cheyenne, WY.

Representing Appellee Hoffman: Scott E. Ortiz of Williams, Porter, Day & Neville, PC, Casper, WY.

Representing Appellee Board of County Comm'rs: Roger E. Shumate of Murane & Bostwick, LLC, Casper, WY.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,* JJ.

LEHMAN, Chief Justice.

In these consolidated cases, we consider whether detention officers are law enforcement personnel exempt from the overtime provisions of the federal Fair Labor Standards Act (FLSA) under Section 7(k) of the Act, and review a summary judgment order

* Retired November 2, 1998.

finding that appellants, Platte County detention officers, had no reasonable expectation of being hired or promoted to the position of detention administrator. Because we find that detention officers can be exempted under Section 7(k) of the FLSA and have no reasonable expectation of being hired or promoted, we affirm the district court's Order on Summary Judgment.

## ISSUES

Appellants present these issues for our review:

I. Was the decision of the District Court contrary to federal law in that the Fair Labor Standards Act provides for over-time compensation.

II. Does the policy of Platte County establish the terms and conditions of employment, including over-time compensation, for the Appellants.

III. As the Sheriff of Platte County had restricted his discretion, did the Appellants have a property interest in the promotion to Administrator.

IV. Did the Sheriff violate the Appellants' liberty interest in employment.

V. Is Matthews' claim of gender discrimination an issue of fact for the jury.

Appellee, the Board of County Commissioners of the County of Platte, rephrases the issues:

1. Should the appellants/plaintiffs' failure to properly designate the record to be relied on, which is a violation of Wyoming Rule of Appellate Procedure 3.05(b), result in affirmance of the trial court's decision?

2. Did the appellants/plaintiffs have a contract of employment with Platte County which governed overtime compensation or did the Fair Labor Standards Act govern the overtime compensation of the county's Detention Officers?

3. Did the appellants/plaintiff have a protected property interest in a promotion to the position of Detention Administrator and do the appellants have an equal protection claim against the county as the result of the promotion decisions made by Sheriff Timothy Hoffman?

4. Did the appellants/plaintiffs properly state a cause of action for deprivation of liberty interest and did they produce any evidence to support that cause of action?

5. Did appellant/plaintiff Bernard Matthews produce any material facts in support of his claim for gender discrimination under Title VII?

Appellee, Platte County Sheriff Timothy Hoffman, states the issues in this fashion:

1. Did the district court err in dismissing the Appellants' claim alleging deprivation of a protected property interest when another individual was hired to be the detention administrator?

2. Did the district court err in dismissing Appellants' claim that they were denied equal protection of the law?

3. Did the district court err in dismissing Appellants' claim alleging breach of contract?

4. Did the district court err in dismissing Appellants' claim that they were deprived of a liberty interest?

5. Did the district court err in dismissing Appellant Matthews' claim alleging gender based discrimination pursuant to Title VII?

6. Did the district court err in dismissing Appellants' claims alleging violation of the Fair Labor Standards Act regarding the payment of overtime compensation by Platte County?

## FACTS

Appellants are employed as detention officers at the Platte County Detention Facility in Wheatland, Wyoming. During the course of their employment, the position of Detention Facility Administrator became vacant, and both appellants applied for the position. After a fairly detailed interview process, neither appellant was promoted to the open position. The Platte County Sheriff subsequently hired another individual to fill the position in September of 1996. The sheriff's office does not have any policies providing detention officers tenure, rank, or any other right to be promoted or hired within the department. The sheriff has sole discretion

to hire or appoint detention officers and the detention administrator.

Both appellants were informed and had actual knowledge that they were working under a Section 7(k) exemption to the federal Fair Labor Standards Act (FLSA). They understood this to mean that they must work 171 hours in a 28–day work period before receiving overtime compensation. Appellants kept track of their own 28–day work period on their time cards and were charged with computing their overtime hours if they worked more than 171 hours per work period.

Appellants filed these lawsuits in February of 1997, alleging breach of contract, breach of the covenant of good faith and fair dealing, violations of the Fair Labor Standards Act, and violations of due process, equal protection and liberty interests under 42 U.S.C. § 1983. Additionally, appellant Matthews alleged sexual discrimination in violation of Title VII of the Civil Rights Act of 1964. On March 12, 1998, the district court granted summary judgment to the defendants on all claims. This appeal timely followed.

### DISCUSSION

#### Standard of Review

■ Summary judgment is appropriate when no genuine issue as to any material fact exists and the prevailing party is entitled to have a judgment as a matter of law. *Kahrs v. Board of Trustees for Platte County Sch. Dist. No. 1*, 901 P.2d 404, 406 (Wyo.1995); *see also* W.R.C.P. 56(c). A genuine issue of material fact exists when a disputed fact, if it were proven, would have the effect of establishing or refuting an essential element of the cause of action or defense which has been asserted by the parties. *Adkins v. Lawson*, 892 P.2d 128, 130 (Wyo.1995). We examine the record from the vantage point most favorable to the party who opposed the motion, and we give that party the benefit of all favorable inferences which may fairly be drawn from the record. *Jack v. Enterprise Rent–A–Car Co. of Los Angeles*, 899 P.2d

891, 893 (Wyo.1995). We evaluate the propriety of a summary judgment by employing the same standards and by using the same materials as were employed and used by the lower court. *Adkins*, 892 P.2d at 130. We do not accord any deference to the district court's decisions on issues of law. *Kahrs*, 901 P.2d at 406.

■ The party moving for summary judgment bears the initial burden of establishing a prima facie case for a summary judgment. If the movant carries this burden, the party opposing the summary judgment must come forward with specific facts to demonstrate that a genuine issue of material fact does exist. *Thunder Hawk By and Through Jensen v. Union Pacific R. Co.*, 844 P.2d 1045, 1047 (Wyo.1992). General allegations and conclusory statements are not sufficient. *Board of County Comm'rs of County of Laramie v. Laramie County Sch. Dist. Number One*, 884 P.2d 946, 956 (Wyo.1994).

### I. Overtime Compensation under the Fair Labor Standards Act

Appellants contend they are entitled to overtime compensation under the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Specifically, they contend they are entitled to comp time for hours accrued between 160 hours and 171 hours per 28–day work period.[1] We disagree.

■ Although states and arms of the state may be immune from suit under the FLSA, states can waive their sovereign immunity. *Alden v. Maine*, 527 U.S. 706, ——, 119 S.Ct. 2240, 2258, 144 L.Ed.2d 636 (1999). Wyoming has enacted a limited waiver of immunity for governmental entities manifested in the Wyoming Governmental Claims Act. Wyo. Stat. Ann. § 1–39–104 (Lexis 1999); *Veile v. Board of County Comm'rs of Washakie County*, 860 P.2d 1174, 1177 (Wyo. 1993).

■ The FLSA states that an employee who works more than forty hours per week must receive overtime pay at the rate of one and one-half times the employee's normal

---

1. The record indicates that appellants do receive comp time for hours worked over 171 hours per 28–day period, as required by the FLSA. The only issue is whether they should receive overtime compensation or comp time for hours between 160 and 171.

compensation. 29 U.S.C. § 207(a). Law enforcement employees' overtime compensation, however, is based on a longer work week, the length of which is determined by the Secretary of Labor. *Id.* § 207(k). FLSA grants authority to the Secretary of Labor to determine the scope of this exemption for all local and state employees. *Id.* § 213(a)(1); *id.* § 204(f). Department of Labor regulations are the primary source of guidance for determining the scope and extent of exemptions to the FLSA, and are entitled to judicial deference. *Spradling v. City of Tulsa*, 95 F.3d 1492, 1495 (10th Cir. 1996).

The Department of Labor has promulgated what is known as the Section 7(k) exemption regulation, which provides:

(a) Section 7(k) of the Act provides a partial overtime pay exemption for fire protection and law enforcement personnel (including security personnel in correctional institutions) who are employed by public agencies on a work period basis. This section of the Act formerly permitted public agencies to pay overtime compensation to such employees in work periods of 28 consecutive days only after 216 hours of work. As further set forth in § 553.230 of this part, the 216–hour standard has been replaced, pursuant to the study mandated by the statute, by 212 hours for fire protection employees and 171 hours for law enforcement employees. In the case of such employees who have a work period of at least 7 but less than 28 consecutive days, overtime compensation is required when the ratio of the number of hours worked to the number of days in the work period exceeds the ratio of 212 (or 171) hours to 28 days.

(b) As specified in §§ 553.20 through 553.28 of subpart A, workers employed under section 7(k) may, under certain conditions, be compensated for overtime hours worked with compensatory time off rather than immediate overtime premium pay.

29 C.F.R. § 553.201 (1998).

The Department of Labor has defined the term law enforcement personnel:

(a) As used in sections 7(k) and 13(b)(20) of the Act, the term "any employee ... in law enforcement activities" refers to any employee (1) who is a uniformed or plainclothed member of a body of officers and subordinates who are empowered by State statute or local ordinance to enforce laws designed to maintain public peace and order and to protect both life and property from accidental or willful injury, and to prevent and detect crimes, (2) who has the power to arrest, and (3) who is presently undergoing or has undergone or will undergo on-the-job training and/or a course of instruction and study which typically includes physical training, self-defense, firearm proficiency, criminal and civil law principles, investigative and law enforcement techniques, community relations, medical aid and ethics.

29 C.F.R. § 553.211(a) (1998). Prison guards and county jailers lacking the power of arrest would not appear to be covered by this definition, but security personnel in correctional institutions are expressly included within the definition of law enforcement personnel even though they do not meet the three-part test for law enforcement personnel. *McBride v. Cox*, 567 N.E.2d 130, 133 (Ind.App.1991); 29 U.S.C. § 213(b)(20). The DOL regulations elaborate:

(f) The term "any employee in law enforcement activities" also includes, by express reference, "security personnel in correctional institutions." A correctional institution is any government facility maintained as part of a penal system for the incarceration or detention of persons suspected or convicted of having breached the peace or committed some other crime. Typically, such facilities include penitentiaries, prisons, prison farms, county, city and village jails, precinct house lockups and reformatories. Employees of correctional institutions who qualify as security personnel for purposes of the section 7(k) exemption are those who have responsibility for controlling and maintaining custody of inmates and of safeguarding them from other inmates or for supervising such functions, regardless of whether their duties are performed inside the correctional institution or outside the institution (as in the case of road gangs). These em-

ployees are considered to be engaged in law enforcement activities regardless of their rank (*e.g.*, warden, assistant warden or guard) or of their status as "trainee," "probationary," or "permanent," and regardless of their assignment to duties incidental to the performance of their law enforcement activities, or to support activities of the type described in paragraph (g) of this section, whether or not such assignment is for training or familiarization purposes or for reasons of illness, injury or infirmity.

29 C.F.R. § 553.211(f) (1998).

Appellants are detention officers who attend to the inmates at the detention facility, including booking, transporting, and observing the inmates. Such detention officers clearly fit within the definition of "security personnel in correctional institutions." Because security personnel in correctional institutions are treated separately from other law enforcement personnel and are, by definition, eligible for 7(k) treatment, the fact that these particular detention officers lacked the power of arrest is immaterial. But, as appellants note, there is also a requirement that the employer keep certain records detailing the 7(k) exemption.

■ The burden is on the employer to show it has adopted a § 207(k) exemption. *Corning Glass Works v. Brennan*, 417 U.S. 188, 196–97, 94 S.Ct. 2223, 2229, 41 L.Ed.2d 1 (1974); *Birdwell v. City of Gadsden*, 970 F.2d 802, 805 (11th Cir.1992). The employer must prove the applicability of the exception by "clear and affirmative evidence." *Birdwell*, 970 F.2d at 805 (citing *Donovan v. United Video, Inc.*, 725 F.2d 577, 581 (10th Cir.1984)). In order to maintain the exemption, the regulations require that the employer "maintain and preserve" certain records including (1) the number of hours of compensatory time earned in each work period, (2) the number of compensatory hours used in each work period, (3) the number of compensatory hours compensated in cash, and (4) any written understanding or agreement with respect to earning or using compensatory time. Where the agreement or understanding is not in writing, a record of its existence must be kept. 29 C.F.R.

§ 553.50(a)—(d). Also, the employer is required to "make some notation on the payroll records which shows the work period for each employee and which indicates the length of that period and its starting time." 29 C.F.R. § 553.51.

■ The evidence pertaining to the issue of whether Platte County has adopted the exemption is essentially undisputed. Platte County generally requires its employees to work 40 hours per week. County offices are to be open from 8:00 a.m. to 5:00 p.m., Monday through Friday, "with the exception of all departments under the control of the Sheriff's Office and the Dispatch/Communications Department, who shall have adequate personnel on duty at all times." Thus, the County has recognized that employees of the sheriff's office may be subject to odd or unusual hours, and those employees are not subject to the 40-hour requirement applicable to other county employees. Time sheets prepared by appellants show the beginning point of the work period and its length, 28 days. When considered in conjunction with appellants' extrinsic admissions that they were orally informed of the 7(k) plan (and that comp time would be earned only after accruing 171 hours), these time sheets implicitly document the existence of a *de facto* 7(k) plan. The district court noted that the regulations do not specify *how* the existence of the plan should be documented, merely that it should be. We agree, and find no genuine issue of material fact present and conclude that Platte County has established the adoption of the 7(k) exemption for detention officers.

### II. *Failure to Promote—Due Process and Equal Protection*

■ Appellants claim to have property and liberty interests in securing a promotion to the position of detention administrator. In Wyoming, there is no property interest in promotion where promotion depends on the discretion of the supervisor. *City Council of Laramie v. Kreiling*, 911 P.2d 1037, 1047 (Wyo.1996). Where such discretion exists, the employee has only a unilateral expectation of promotion.

 Wyoming sheriffs have discretionary authority to hire deputies and assistants. Wyo. Stat. Ann. § 18–3–602 (Lexis 1999). Because the board of county commissioners cannot control the sheriff's appointments under his independent office, such appointments create no Fourteenth Amendment property interest under the personnel policies and practices of the board of county commissioners. *Dickeson v. Quarberg*, 844 F.2d 1435, 1439 (10th Cir. 1988). To have a property interest in a benefit, a person must enjoy a legitimate claim of entitlement to it. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). The district court correctly found that the mere statement of minimum job qualifications is not such a substantive limitation on the sheriff's discretionary authority as to confer on appellants a constitutionally protected property interest in promotion.

 Appellants also contend that their liberty interests were impaired when they were harassed about their complaints of inadequate working conditions. If the Government imposes on an employee a stigma or disability that forecloses his freedom to take advantage of other employment opportunities, a liberty interest may be implicated. *Sipes v. United States*, 744 F.2d 1418, 1422 (10th Cir.1984). However, for an employee to make a successful claim of liberty deprivation, he must show that his employer's actions resulted in the *publication* of information which was *false* and *stigmatizing*. *Sipes*, 744 F.2d at 1421. Appellants have not alleged any publication of false or stigmatizing information. We find this claim devoid of merit.

 Appellant Matthews also claims that his constitutional right to liberty was impaired without due process because the sheriff somehow interfered with Bernard Matthews' right to associate with his son, Deputy Sheriff John Matthews, by not promoting him. Appellant alleges that the sheriff refused to promote Matthews because the sheriff did not like Matthews' son. However, appellant produced no evidence that he has been precluded from any type of familial association with his son. There is no constitutional right to nepotism in Wyoming. Regardless, appellant has not even alleged that he could spend more time with his son if he were hired as detention administrator. The district court properly granted summary judgment on this claim.

 Appellants vaguely contend they were somehow denied equal protection under the law as guaranteed by the Fourteenth Amendment because the sheriff discriminated against them by hiring a third person. In the absence of any issues involving a suspect class or a fundamental right (which could trigger strict scrutiny analysis), to prevail on this claim, appellants must show that the sheriff treated similarly situated people differently, and that such disparate treatment was not rationally related to a legitimate governmental objective. *See Kautza v. City of Cody*, 812 P.2d 143, 147 (Wyo.1991); *Clements v. Fashing*, 457 U.S. 957, 963, 102 S.Ct. 2836, 2843, 73 L.Ed.2d 508 (1982). The sheriff could only hire one detention administrator. He hired the candidate he felt best qualified. We find that this disparate treatment was rationally related to the legitimate governmental objectives of properly running the detention facility (as required by Wyo. Stat. Ann. § 18–3–603 (Lexis 1999)) and preserving the peace in Platte County (as required by Wyo. Stat. Ann. § 18–3–606 (Lexis 1999)).

### III. *Gender Discrimination*

 Appellant Bernard Matthews contends that the sheriff unlawfully discriminated against him on the basis of his gender in violation of Title VII, 42 U.S.C. § 2000e, by hiring a woman, Julie Minear, as detention administrator rather than Mr. Matthews. Under Title VII, a plaintiff who has received a "right to sue" letter from the EEOC must first make out a *prima facie* case of gender discrimination, thus creating a rebuttable presumption of discrimination. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506, 113 S.Ct. 2742, 2746–47, 125 L.Ed.2d 407 (1993). In the case at bar, the district court assumed that appellant Matthews met this requirement. The burden then shifts to the employer to articulate a legitimate, non-discriminatory reason for the

adverse employment decision. If the employer meets that burden of production, the presumption created by the *prima facie* case is rebutted and drops from the case. *St. Mary's Honor Center,* 509 U.S. at 511, 113 S.Ct. at 2749. Once the employer meets its burden of production by offering a legitimate rationale in support of its decision, the burden shifts back to the plaintiff to show the employer's proffered reasons were pretextual. The plaintiff must present specific facts significantly probative to support an inference that the employer's proffered justifications were simply a pretext for discrimination. *Rea v. Martin Marietta Corp.,* 29 F.3d 1450, 1455 (10th Cir.1994). The plaintiff can demonstrate pretext by showing either that a discriminatory reason more likely motivated the employer or that the employer's proffered explanation is unworthy of credence. *Cone v. Longmont United Hosp. Ass'n,* 14 F.3d 526, 530 (10th Cir.1994).

■ The record shows that the sheriff chose not to hire Matthews because he would not be well suited to the job of detention administrator. In a confidential process, Matthews' interviewers found him to be "intolerant," "closed-minded," "rigid," and "autocratic." Appellant Matthews has offered no evidence of pretext countering these legitimate non-discriminatory reasons for not hiring him. The only evidence he offers in response to his employer's proferred explanation was an allegation that an employee of the sheriff's department made a comment regarding a woman's breast size. However, appellant has provided no evidence that the remark was related to the hiring decisions in this case. Without a showing of a nexus between the alleged discriminatory statement and the employer's decision, an inference of bias cannot be supported. *Cone,* 14 F.3d at 531.

### IV. *Breach of Contract*

Finally, appellants apparently contend that they had contractual rights to overtime compensation and to promotion but point to no contract language specifically applicable to detention officers that would entitle them to such rights or that would give them a reasonable expectation of being hired or promoted.

Therefore, we will not further discuss these claims.

### CONCLUSION

There is no competent evidence to sustain any genuine issue of material fact. The district court properly granted summary judgment for the appellees.

Affirmed.