2010 WY 117

**Duane Allen ERWIN, Appellant (Petitioner),**

v.

**STATE of Wyoming, DEPARTMENT OF FAMILY SERVICES; and Cherrin B. Godak, Appellees (Respondents).**

**No. S–09–0250.**

Supreme Court of Wyoming.

Aug. 18, 2010.

Representing Appellant: Duane A. Erwin, pro se.

Representing Appellees: Bruce A. Salzburg, Attorney General; Robin Sessions Cooley, Deputy Attorney General; Jill E. Kucera, Senior Assistant Attorney General; Elizabeth Bartels Lance, Assistant Attorney General.

Before KITE, C.J., and GOLDEN, HILL, VOIGT *, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Appellant, Duane Allen Erwin, challenges the district court's order denying his petition to set aside a Montana divorce decree. We find no error and affirm.

### ISSUE

[¶ 2] Did the district court err in denying Appellant's petition to declare the Montana divorce decree invalid? [1]

### FACTS

[¶ 3] Most of the facts appear to be undisputed. Appellant and Mother married on September 14, 1989, in Big Horn County, Wyoming. The marriage produced three children. The oldest child is no longer a minor, the second child turned eighteen on June 6, 2010, and their third child is deceased. Mother moved to Montana on September 23, 1993. While living in Montana, she filed for divorce on December 15, 1993. Appellant was personally served with the

---

* Chief Justice at time of expedited conference.

1. Appellant presents eight issues which he states as follows:

   1. The District Court ruling to sustain the void suit, Montana 03 DR93–1131, citing an irrelevant statute as the cogent authority, is an erroneous conclusion of law.
   2. Whether The District Court erred by not making an attempt to analyze the controlling statutes, of the acknowledged jurisdictional question presented, regarding the validity of the void decree.
   3. Whether the District court erred in holding that Montana Decree 03 DR93–1131 was validly entered under the Montana statutes in place at the time.
   4. Whether the District Court erred in ruling [Appellant] did not demonstrate the registration of the void decree was improper.
   5. Whether the District Court acted beyond the scope of authority in ruling the void decree Montana 03 DR93–1131 valid.
   6. Whether the District Court erred in holding that further inquiries into the validity of the void decree should be brought up in Montana.
   7. Whether the District Court actions, to uphold the invalid decree, citing an erroneous conclusion of law, choosing not to analyze the statutes of the acknowledged jurisdictional question, and disregarding the controlling statute of significant weight, constitute abuses of discretion by the District Court.
   8. Whether [Appellant] should have a right to a hearing or a cause of action against [Mother], for the intentional infliction of emotional distress purposefully directed at [Appellant].

divorce complaint on December 21, 1993, in Wyoming. He did not answer the complaint and default was entered by the Montana district court. The Montana district court issued a divorce decree on March 1, 1994, dissolving the marriage. The decree required Appellant to pay child support in the amount of $216.00 per month. Mother was awarded custody of the children and Appellant was granted supervised visitation.

[¶4] In the course of the next several years, Mother and the children returned to Wyoming and Appellant moved to Minnesota. On February 10, 2005, Mother, through the Wyoming Department of Family Services (DFS), registered the Montana divorce decree in Minnesota for the purpose of enforcing the child support provisions of the decree. On February 25, 2005, Appellant requested a hearing in Minnesota to contest the validity and enforcement of the Montana decree. On June 13, 2005, the district court in Minnesota held a hearing and issued a written order denying Appellant's motion. Ten months later, Appellant again requested a hearing on the validity of the Montana divorce decree. The Minnesota district court denied Appellant's request. Appellant did not appeal either order.

[¶5] On March 3, 2009, Appellant initiated this action, in the Fourth Judicial District of Wyoming, again challenging the validity of the Montana decree. The petition included three motions: a motion for vacation of invalid court order; a motion for collateral impeachment of invalid court order; and a motion for injunction of the use of invalid court order. The named respondents in the petition were Mother and the Wyoming Department of Family Services.

[¶6] The district court held a hearing on all motions July 22, 2009. The hearing was not reported. Appellant prepared a statement of evidence pursuant to W.R.A.P. 3.03 and an Order Approving Statement of Evidence as Modified by the Court was entered. The statement of evidence reflects that Appellant read a prepared opening statement. In response to a question from the district

court, Appellant confirmed that the issue was "whether Montana had the jurisdiction to render the decree." Appellant contended the decree was invalid because Mother had not been a resident of Montana for the requisite number of days required by Montana statute. Mother was placed under oath and testified that she signed her affidavit for the Montana divorce on December 15, 1993. Appellant declined to ask Mother any questions. DFS did not present any other evidence. Appellant did not testify and advised the court that "all of his evidence was included in the pleadings." The district court issued a written order denying Appellant's petition on August 28, 2009. Appellant timely appealed.

## DISCUSSION

[¶7] In his petition, Appellant attached documents regarding attempted enforcement of the Montana decree, in the state of Minnesota. Those documents establish that the Montana decree was filed with the District Court, Seventh Judicial District in Stearns County, Minnesota pursuant to the Minnesota Enforcement of Support Act. Appellant was provided with notice of that filing and advised that he could contest the validity of the underlying order, but that, if he failed to do so, the order "will be confirmed and will preclude you from further contesting the order(s) with respect to any matter that could have been asserted at the time of registration." Appellant responded by filing a request "to contest the validity" of the Foreign Order of Support.[2] A hearing on Appellant's challenge of the Montana decree was held on June 13, 2005. Appellant was present at that hearing. Following the hearing, the Minnesota district court entered an order denying Appellant's motion. The Order states: "[Appellant's] motion contesting the validity and enforcement of the registration of the Foreign Order of Support is DENIED."

[¶8] On April 28, 2006, Appellant filed another request in Minnesota for a hearing stating that he wished to "request a hearing to contest the validity of [a] Foreign Order of Support." A hearing was held on July 6,

2. The Foreign Order of Support is the Montana divorce decree providing for child support payments.

2006. Appellant was present at that hearing. At the conclusion of the hearing, the Minnesota district court entered an order denying Appellant's request for a hearing. The order states, in pertinent part:

### FINDINGS OF FACT

1. On February 10, 2005, [Mother] registered a foreign Order of Support with this District Court, Seventh Judicial District in Stearns County.
2. On February 25, 2005, [Appellant] requested a hearing to contest the validity of the Order.
3. A hearing was held on [Appellant's] motion on June 13, 2005, in front of the Honorable Elizabeth Hayden, Judge of District Court, in the County of Stearns, and she issued an Order denying [Appellant's] motion contesting the validity and enforcement of the registration the same day.
4. On April 28, 2006, [Appellant] requested another hearing to contest the validity of the Foreign Support Order.

### CONCLUSIONS OF LAW

1. A party seeking to contest the validity or enforcement of a registered order in Minnesota shall request a hearing within 20 days after notice of registration. Minn.Stat. § 518C.606(a). [Appellant] filed such a request within 20 days of the notice of registration. A hearing was held, and the Court issued an Order denying [Appellant's] request. Now before this Court is [Appellant's] second request for a hearing, which he filed outside of the 20 day time period. The Court has already dealt with this issue and issued an order. Consequently, [Appellant] is not entitled to a hearing.

Appellant did not appeal this order.

■ [¶ 9] This Court may affirm a district court's decision on any proper legal grounds supported by the record. *Olsen v. Kilpatrick*, 2007 WY 103, ¶ 10, 161 P.3d 504, 507 (Wyo.2007). In the order denying Appellant's petition, the Wyoming district court found that Appellant had "previously attacked the [Montana] Order subsequently registered in Minnesota and was unsuccessful." It did not, however, explicitly address whether Appellant's challenge to the validity of the Montana decree was barred as a result of the Minnesota litigation. DFS asserts Appellant is precluded from further challenging the validity of the Montana decree by application of the doctrine of res judicata. We agree that Appellant cannot challenge the validity of the decree. However, we arrive at this conclusion through the application of the doctrine of collateral estoppel rather than res judicata.

■ [¶ 10] We have previously recognized that:

> The doctrines of res judicata (claim preclusion) and collateral estoppel (issue preclusion) incorporate a universal legal principle of common-law jurisprudence to the effect that "a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction ... cannot be disputed in a subsequent suit between the same parties or their privies."

*Wyoming Dept. of Revenue v. Exxon Mobil Corp.*, 2007 WY 112, ¶ 17, 162 P.3d 515, 522 (Wyo.2007).

Collateral estoppel and res judicata are analogous, but not synonymous. Although they share a common interest in finality, the doctrines themselves are different. *Tenorio v. State ex rel. Wyoming Workers' Compensation Div.*, 931 P.2d 234, 238 (Wyo.1997). We recently reiterated their differences:

> In *Eklund v. PRI Environmental, Inc.*, 2001 WY 55, ¶¶ 15–20, 25 P.3d 511, [517–18] (Wyo.2001), we extensively recognized that res judicata and collateral estoppel are related but distinct concepts.
>
> Res judicata bars the relitigation of previously litigated claims or causes of action. *Slavens v. Board of County Commissioners*, 854 P.2d 683, 686 (Wyo. 1993). Four factors are examined to determine whether the doctrine of res judicata applies: (1) identity in parties; (2) identity in subject matter; (3) the issues are the same and relate to the

subject matter; and (4) the capacities of the persons are identical in reference to both the subject matter and the issues between them. *Id.* Collateral estoppel bars relitigation of previously litigated issues and involves an analysis of four similar factors: (1) whether the issue decided in the prior adjudication was identical with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding. *Id.*

*Polo Ranch Co. v. City of Cheyenne,* 2003 WY 15, ¶ 12, 61 P.3d 1255, [1259] (Wyo. 2003).

Collateral estoppel is issue preclusion, while res judicata is claim preclusion. *Eklund v. PRI Environmental, Inc.,* 2001 WY 55, ¶ 15, 25 P.3d 511, [517] (Wyo.2001).

*Pokorny v. Salas,* 2003 WY 159, ¶¶ 12, 13, 81 P.3d 171, 175 (Wyo.2003) (emphasis omitted). Application of the doctrines of collateral estoppel and res judicata involves questions of law that we review *de novo. Wilson v. Lucerne Canal & Power Co.,* 2007 WY 10, ¶ 23, 150 P.3d 653, 662 (Wyo.2007).

■ [¶ 11] Appellant asserts the doctrine of res judicata does not bar his petition because the parties in this proceeding are not identical to the parties in the Minnesota proceeding. DFS maintains that the "only difference between the two actions is the appearance of an attorney on behalf of Stearns County Human Services in the Minnesota action and an attorney on behalf of the State of Wyoming, Department of Family Services, in the Wyoming action." We need not determine that issue because relitigation of the

validity of the Montana divorce decree is barred by collateral estoppel.

[¶ 12] The issue decided by the Minnesota district court was identical to the issue Appellant presented to the Wyoming district court. The Minnesota district court held a hearing on Appellants motion and denied Appellants petition on the merits. Appellant was a party at both proceedings and had a full opportunity to contest the validity of the Montana decree. Because the collateral estoppel requirements have been satisfied, Appellant is precluded from relitigating the validity of the Montana decree.

[¶ 13] In light of our determination that Appellants petition is barred, we need not address the merits of Appellants challenge to the Montana decree based on lack of jurisdiction. We note, however, that Appellants challenge is primarily focused upon his contention that Mother was not domiciled in Montana "for 90 days prior to the filing of the complaint for divorce. That contention appears to be based upon a 2003 version of a Montana statute that was not in effect when the divorce petition was filed.[3] The statute in effect when the petition for divorce was filed and granted required only that the petitioner be domiciled in Montana for 90 days next preceding the making of the findings." Mont.Code Ann. § 40–4–104(1)(a) (LexisNexis 1992). The facts appear to be undisputed that Mother met that jurisdictional hurdle. She moved to Montana on September 23, 1993. She filed her petition on December 15, 1993, and the divorce decree was entered on March 1, 1994.

■ [¶ 14] Lastly, Appellant asks this Court whether he "should have a right to a hearing or a cause of action against [Mother] for the intentional infliction of emotional distress purposefully directed at [him]." This issue is not properly before the Court. Appellants initial petition did not assert a cause of action for intentional infliction of emotional

---

**3.** Mont.Code Ann. § 40–4–104(1)(a) (LexisNexis 2003) provides, in pertinent part:
Dissolution of marriage—legal separation.
(1) The district court shall enter a decree of dissolution of marriage if:
(a) the court finds that one of the parties, at the time the action was commenced, was

domiciled in this state, as provided in 25–2–118, or was stationed in this state while a member of the armed services and that the domicile or military presence has been *maintained for 90 days preceding the filing of the action* [.]
(Emphasis added.)

distress. He subsequently filed a "Supplemental Pleading" which included a "Motion for leave to proceed in civil action against [Mother] for damages." There is no certificate of service attached to the supplemental pleading and no indication that the pleading was ever served upon Appellees. Appellees Answer to Petition and Counterclaim did not address any of Appellants contentions from the "Supplemental Pleading." The order setting the hearing specifically provided that "all pending motions ... are set for hearing on the 22nd day of July, 2009[.]" Appellant's motion on damages was not brought to the attention of the district court, and he presented no evidence or argument pertaining to that issue.

[¶ 15] As we have previously stated:

We strongly adhere to the rule forbidding us to "consider for the first time on appeal issues that were neither raised in, nor argued to, the trial court," except for those issues which are jurisdictional or are fundamental in nature. [*Oatts*] *v. Jorgenson*, 821 P.2d 108, 111 (Wyo.1991). We follow this rule because "it is unfair to reverse a ruling of a trial court for reasons that were not presented to it, whether it be legal theories or issues never formally raised in the pleadings nor argued to the trial court."

*Hronek v. Saint Joseph's Childrens Home*, 866 P.2d 1305, 1309 (Wyo.1994) (quoting *Bredthauer v. TSP*, 864 P.2d 442, 446–47 (Wyo.1993)).

[¶ 16] Affirmed.