Raymond M. HULSE and Kristina K. Hulse, f/k/a Kristina K. Bova, Appellants (Defendants),

v.

FIRST INTERSTATE BANK OF COMMERCE–GILLETTE, Appellee (Plaintiff).

No. 99–144.

Supreme Court of Wyoming.

Jan. 14, 2000.

Rehearing Denied Feb. 8, 2000.

Representing Appellant: Michael P. Reynolds and Brad A. Schreiber of Quinn, Day & Barker, Belle Fourche, SD.

Representing Appellee: James L. Edwards of Stevens, Edwards & Hallock, P.C., Gillette, WY.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

HILL, Justice.

The issue on appeal is whether a bank official's alleged oral promise to lend money can support a claim of promissory estoppel. The district court granted summary judgment in favor of First Interstate Bank of Commerce–Gillette (the Bank) in a suit to collect on promissory notes signed by Raymond M. Hulse and Kristina K. Hulse (the Hulses). The Hulses contend the Bank should have been estopped because it breached an oral promise to lend them additional funds, causing them to default on the promissory notes. Because the Hulses cannot establish a genuine issue of material fact, we affirm.

## ISSUES

The parties both provide the same statement of the issue:

Whether a genuine issue of material fact exists precluding summary judgment.

## FACTS

The Hulses owned a ranch in Crook County. Needing capital to operate the ranch, they borrowed money from the Bank under two separate promissory notes in 1994 and 1998. The Hulses subsequently approached Bank President Ron Pasco (Pasco) for another loan. They allege Pasco told them they would get a loan of up to $600,000.00 if an appraisal of their ranch showed sufficient equity. The Hulses paid the Bank $1,500.00 for an appraisal, which valued the ranch at $1,100,000.00. The Bank then denied their loan application, and shortly thereafter, the Hulses defaulted on the two promissory notes to the Bank.

The Bank filed suit against the Hulses for breach of contract on June 19, 1998. In response to the Bank's Motion for Summary Judgment, the Hulses alleged they had relied to their detriment upon Pasco's oral promise of the loan. They further alleged that because of the Bank's refusal to complete the loan, another lender rescinded a second mortgage on the property, causing their default on the promissory notes. Finding no genuine issues of material fact, the district court granted summary judgment to the Bank. The Hulses appeal from the grant of summary judgment.

## STANDARD OF REVIEW

Summary judgment is appropriate only when no genuine issues of material fact exist and the prevailing party is entitled to judgment as a matter of law. W.R.C.P. 56; *Century Ready–Mix v. Campbell County School District*, 816 P.2d 795, 798 (Wyo. 1991). A material fact is any fact that, if

proved, would establish or refute an essential element of a claim or defense asserted by a party. *Century Ready–Mix*, 816 P.2d at 799. When reviewing a grant of summary judgment, we will consider the record in the light most favorable to the party opposing the motion and give that party the benefit of all favorable inferences we may fairly draw from the record. *Id.* (citing *Doud v. First Interstate Bank of Gillette*, 769 P.2d 927, 928 (Wyo.1989)). If we can uphold summary judgment on the record presented, under any proper legal theory, we will. *Id.* (citing *Reeves v. Boatman*, 769 P.2d 917, 918 (Wyo. 1989)).

## DISCUSSION

The Hulses contend that an issue of fact exists as to whether the Bank promised to lend money, a promise upon which they relied to their detriment, and that it is a question of material fact in that it gives rise to a defense of promissory estoppel, therefore, precluding summary judgment. The Bank responds that summary judgment was appropriate because the Hulses presented no evidence of Pasco's promise to lend money and, even if he did make the promise, the Hulses did not rely on that promise to their detriment.

For the alleged promise to form an issue of material fact, the Hulses must show that the existence of the promise would establish an element of their promissory estoppel defense. The elements of promissory estoppel are: 1) a clear and definite agreement; 2) proof that the party urging the doctrine acted to its detriment in reasonable reliance on the agreement; and 3) a finding that the equities support enforcement of the agreement. *Del Rossi v. Doenz*, 912 P.2d 1116, 1119 (Wyo.1996). Unless a finding that Pasco made the claimed promise would establish each of those elements, summary judgment is appropriate.

In their affidavit opposing summary judgment, the Hulses stated that Pasco promised them a loan of up to $600,000.00, pending an appraisal. The affidavit does not allege that the parties agreed upon any loan terms other than the maximum amount. We have held that the oral promise of a bank representative is not sufficient to support a claim of promissory estoppel where the statement did not specify the loan amount, interest rate, repayment schedule, or collateral. *Doud*, 769 P.2d at 928–29 ("While a party to such an agreement may perceive that a binding obligation is created by this type of agreement, the courts are incapable of ordering enforcement, as they cannot supply the terms of the agreement for the parties.") We conclude, therefore, that even if Pasco made the statements alleged by the Hulses, they cannot demonstrate the existence of a clear agreement, the first element of promissory estoppel. Consequently, the failure of one element defeats the claim, and our discussion need go no further.

## CONCLUSION

The question of whether Pasco actually promised to lend the Hulses $600,000.00 is not material, as even its answer in the affirmative would not establish an essential element of the promissory estoppel defense asserted by the Hulses. Because no material issues of fact exist, we affirm the district court's grant of summary judgment in favor of the Bank.