**Kent R. BROWN, Appellant (Plaintiff),**

v.

**LIFE INSURANCE COMPANY OF NORTH AMERICA; Cigna Group Insurance, Appellees (Defendants).**

No. 99–262.

Supreme Court of Wyoming.

July 5, 2000.

Kent R. Brown, pro se.

Representing Appellee: Mark C. Overturf of Overturf & McGath, P.C., Denver, Colorado.

* Retired June 2, 2000.

1. The Defendants below were LINA and Cigna Group Insurance. The Defendants' pleadings below were filed on behalf of both. Counsel for Appellees purports to represent both named Defendants in this appeal. However, in the Brief of Appellees, only LINA is referred to, and, for purposes of convenience, we will refer to the Appellees collectively as LINA.

Before LEHMAN, C.J., and THOMAS, MACY *, GOLDEN, and HILL, JJ.

HILL, Justice.

Appellant Kent R. Brown (Brown) seeks review of an order of the district court granting summary judgment in favor of Appellee Life Insurance Company of North America (LINA)[1]. The district court granted summary judgment for LINA on the basis that Brown's claim for disability benefits was barred because he failed to make a timely application for benefits as required by the policy of insurance. We reverse and remand.

## ISSUES

Brown provides this statement of the issues:

I. Do material facts exist, precluding the granting of summary judgment, regarding whether Appellant's alleged breach of the insurance policy provisions requiring timely notice and proof of loss were either excused under the circumstances or immaterial to the purpose of the contract, since the insurer suffered no prejudice to its ability to investigate the claim.

II. If prejudice to the insurer is a factor to be considered before coverage will be forfeited due to breach of contract terms, is there any arbitrary period of time, other than the applicable statute of limitations, after which an analysis of such prejudice need not be performed.

III. Did Appellees' payment of Loss of Member benefits due under an insurance policy, without effective reservation of rights, waive by conduct the right to assert the defense of untimely compliance with the Notice and Proof of Loss provisions in denying Monthly Income benefits contained in the same policy, where the Notice and Proof of Loss provisions applied equally to both benefits.

LINA recapitulates the issues in significantly different terms:

I.   Has Appellant presented any facts or law which would exempt him from W.S. §§ 26–18–109 and 26–18–111 and the terms of the Policy?

II.  Does an insurance company waive previously identified defenses when it states: "Nothing contained in this letter should be construed as a waiver of any rights or defenses under the policy"?

III. Does the 3 year statute of limitations applicable to disability insurance policies bar actions that are filed 10 years after the date of loss?

### FACTS

Brown filed his complaint on July 7, 1997, alleging breach of a contract for disability insurance, as well as a breach of the insurer's duty of good faith and fair dealing. LINA answered the complaint, denied (or asserted lack of information to admit or deny) all of the allegations in Brown's complaint, and asserted some 14 affirmative defenses, essentially a laundry list of all available defenses to a complaint such as that in issue here. On April 20, 1999, LINA filed its motion for summary judgment. On May 24, 1999, Brown answered that motion and filed his motion for summary judgment. LINA filed a reply to Brown's cross motion for summary judgment on June 23, 1999. The record also contains a two-page document filed by Brown, which is entitled, "Statement of Proceedings." That statement purports to be filed under W.R.A.P. 3.03; however, the requirements of that rule were not followed, and the document plays no part in the resolution of this appeal.

The facts underlying the complaint are available only in the sense that they are either pleaded by Brown, gleaned from documents attached to the parties' pleadings, or set out in the parties' papers. For purposes of our review of the Order Granting Summary Judgment, there is no dispute concerning the underlying facts. The dispute focuses on what legal effect those facts have. In summary, the facts are that Brown, a dentist, purchased an occupational disability policy on November 1, 1979, through the American Dental Association. He paid all premiums due under the policy. Under the policy, Brown was to receive $1,000.00 per month, for a period of 60 months (*i.e.*, a total of $60,000.00) if he was disabled from performing his occupation as a dentist.

Brown suffered an injury to his eye on July 4, 1987, in a fireworks accident.[2] The accident left Brown with virtually no vision in his left eye, except for light perception. His physician told him that he would achieve maximum medical recovery six months after the date of the accident. Virtually no recovery was experienced at the end of six months, and Brown contacted a company to arrange for the sale of his practice. Based upon the materials contained in the record, there is no apparent dispute but that Brown was totally disabled from practicing as a dentist after the injury to his eye. A letter dated June 1, 1994, from Brown's physician to LINA contains this statement:

> In regards to the letter of April 19, 1994, I do not know the exact date that Dr. Brown was totally disabled except dating back to the time of his injury. I do know that he attempted to continue his practice of dentistry. I suspect that once he continued practice that at some point he realized that he could not deliver the quality of dentistry that he wished to deliver or that perhaps his patients perceived that he was not able to deliver that quality. Certainly Dr. Brown was totally disabled at the time of his accident.

Nonetheless, Brown continued to practice dentistry after the accident, in spite of his disability, and he managed to keep his practice going in the interim. The production from his practice fell from over $188,000 in 1986 to $69,000 in 1991. Even with the assistance of his wife, he was unable to keep the practice going at a level that covered the overhead for a dental office. The process of

---

2.  Both the Order Granting Summary Judgment and LINA's papers refer to the injury as being caused while Brown was playing with fireworks, though there is nothing in the pleadings or otherwise in the record which supports that characterization.

selling the practice ended up taking several years so that the sale was not consummated until May 1, 1993. In late July or early August of 1993, Brown submitted a claim for loss of member (loss of eye[3]), as well as for disability benefits. His initial claim was returned to him because of a change in the carrier of the disability policy, and the claim was then forwarded to LINA in August of 1993.

This appeal presents only a very narrow question. The district court limited its ruling to one basis for its summary judgment order:

8. Defendants seek summary judgment on a number of theories. This Court's ruling that Plaintiff's claim is barred because he failed to make a timely application is dispositive of this matter. For this reason the other reasons will not be discussed.

The LINA policy is quite clear with regard to an insured's obligation to notify the company of a loss. This obligation is detailed in two separate paragraphs.

*Notice of Claim*: Written notice of claim must be given to the Company or the Administrator within 30 days after the occurrence of any loss covered by the Master Policy or as soon thereafter as is reasonably possible. Notice given by or on behalf of the agent o[f] the claimant to the Company at its Home Office in Philadelphia, Pennsylvania, or to any authorized agent of the Company, with information sufficient to identify the insured, shall be deemed notice to the Company.

*Proof of Loss*: Written proof of loss must be furnished to the Company in case of claim for any loss within 90 days after the date of such loss. Failure to furnish such proof with in [sic] the time required shall not invalidate nor reduce any claim if it was not reasonably possible to give proof within such time, provided such proof is furnished as soon as reasonably possible and in no event, except in the absence of legal capacity of the Claimant, later than one year from the time proof is otherwise required.

Under Plaintiff's version of the facts, he did not make a determination that he was disabled at the time of his injury. He was advised by his doctors not to make any life-changing decisions until after the passage of a six-month healing period. At the end of that time period, he determined that he could no longer practice as a dentist and initiated the process of selling his practice. Under those facts, [he] should have notified LINA of his loss within the first three months of 1988. He did not do so for more than five years.

With respect to providing proofs of loss to an insurer issuing a disability insurance policy, Wyo.Stat.Ann. § 26–18–111 (LEXIS 1999) provides:

### 26–18–111. Proofs of loss.

Proofs of Loss: Written proof of loss shall be furnished to the insurer at its office in case of claim for loss for which this policy provides any periodic payment, contingent upon continuing loss within ninety (90) days after the termination of the period for which the insurer is liable, and in case of claim for any other loss within ninety (90) days after the date of the loss. Failure to furnish proof within the time required does not invalidate nor reduce any claim if it is not reasonably possible to give proof within that time, provided the proof is furnished as soon as reasonably possible and, except in the absence of legal capacity, not later than one (1) year from the time proof is otherwise required.

The conclusion of the district court was that Brown's claim was untimely as a matter of law, and that there were no material facts that required the intervention of a fact-finder. Based on the record before us, it seems clear that Brown was entitled to disability benefits under the policy but for the conclusion that his claim was not timely submitted.

---

**3.** The loss of member benefit was paid, and no issue with respect to that claim is included in this appeal. Brown does contend that the payment

of that claim was inconsistent with LINA's denial of his disability claim.

## STANDARD OF REVIEW

Summary judgment is appropriate only when no genuine issues of material fact exist, and the prevailing party is entitled to judgment as a matter of law. W.R.C.P. 56; *Hulse v. First Interstate Bank of Commerce—Gillette*, 994 P.2d 957, 958 (Wyo. 2000); *Century Ready–Mix v. Campbell County School District*, 816 P.2d 795, 798 (Wyo.1991). A material fact is any fact that, if proved, would establish or refute an essential element of a claim or defense asserted by a party. *Hulse*, 994 P.2d at 958–59; *Century Ready–Mix*, 816 P.2d at 799. When reviewing a grant of summary judgment, we will consider the record in the light most favorable to the party opposing the motion and give that party the benefit of all favorable inferences we may fairly draw from the record. *Id.*

## DISCUSSION

■■■ The essence of Brown's first assertion of error is that a reasonable person might well be uncertain as to when application should have been made for benefits under the terms of the policy. Both LINA and the district court view either the accident itself, or Brown's medical condition at six months after the accident, as the event that "triggered" Brown's duty to timely file a claim with LINA. What Brown filed a claim for is disability, and the policy is very explicit about what disability means: the insured's inability because of accident "to practice your own occupation (your special area of dental practice)." Brown continued to practice dentistry, albeit in a much-reduced fashion, until the time he sold his practice in May 1993. Thereafter, he promptly made a claim for disability, as well as for loss of member. Under the terms of the policy, so long as he was practicing his profession as a dentist, he was not disabled and would not have been eligible for disability benefits. 13 Couch on Insurance 3d, §§ 190:1—190:3 (1999). Moreover, the question as to what constitutes a reasonable time for filing of the claim in the context of disability insurance is ordinarily for the jury. *Id.*, §§ 190:13 and 190:112; *Burton v. Metropolitan Life Insurance Co.*, 48 Ga.App. 828, 173 S.E. 922 (1934). Perhaps of greater importance, the disability from which Brown suffered was a continuous disability, and under the terms of the policy, there was nothing to prevent submission of the claim within the duration of the disability covered by the policy. *See Goodwin v. Nationwide Insurance Co.*, 104 Idaho 74, 656 P.2d 135, 143–44 (1982). We also note that, based on the record before us, LINA does not have a viable defense based on prejudice because of an inability to investigate the claim. The record extant demonstrates that an accident occurred, that Brown was eventually totally disabled by it, and that the policy provided for benefits once Brown was deemed disabled from practicing as a dentist.

To the extent there are any remaining issues that relate to the timeliness of the submission of Brown's claim, those issues must be resolved as issues of fact by a factfinder. Because of this disposition, we need not address the other issues raised in the appeal.

The order granting summary judgment is reversed, and the case is remanded to the district court for further proceedings consistent with this opinion.