VERNON T. DELGADO FAMILY LIMITED PARTNERSHIP; and The Carollo Company, a Partnership, Appellants (Plaintiffs),

v.

James M. SHAW and Marilyn M. Shaw, Appellees (Defendants),

and

Board of County Commissioners of Sublette County, Wyoming, Appellee (Intervenor).

No. 99–273.

Supreme Court of Wyoming.

Aug. 2, 2000.

* Retired June 2, 2000.

Representing Appellants: Elizabeth Greenwood and Robert A. Bundy, Pinedale, Wyoming.

Representing Appellees: James M. and Marilyn M. Shaw: Larry L. Jorgenson, Jackson, Wyoming.

Before LEHMAN, C.J., and THOMAS, MACY,* GOLDEN, and HILL, JJ.

THOMAS, Justice.

The question is: "What is a fairway?" The answer is: "That expanse of closely mown [grass] * * * between the tee and the putting green on a golf course." This is the definition that was invoked by the district court to decide an action for declaratory and injunctive relief brought by the Vernon T. Delgado Family Limited Partnership and The Carollo Company (collectively Delgado) against James and Marilyn Shaw (the Shaws), in which Delgado sought to enforce a restrictive covenant relating to fencing adjacent to a golf course. The district court granted summary judgment in favor of the Shaws, and Delgado appeals from that judgment, contending that the district court erred when it determined the Shaws' fence did not violate the restrictive covenants of the Sublette Golf Course Subdivision. There is no genuine issue as to any material fact, and the Shaws are entitled to judgment as a matter of law. We shall affirm the Order Granting Summary Judgment for Defendants.

Delgado presents a single issue for review:

I. Did the District Court properly grant summary judgment for the Defendants in this case?

The Shaws present this statement of the issues:

1. Is the Statement of Reservations and Restrictive Covenants at issue in this

lawsuit ambiguous with respect to the meaning of the word "fairway" and the location by which a fence may be erected in relation to the "fairway"?

2. If the meaning of the word "fairway" is ambiguous, have the Appellants presented a genuine issue of material fact with respect to the intent of the drafters of the Statement of Reservations and Restrictive Covenants as to the permitted location of fencing within the subdivision?

The Sublette Golf Course Subdivision (the Subdivision) was established in 1981. That year, a Statement of Reservations and Restrictive Covenants (Covenants) for the Subdivision was adopted and filed in the county records. The Covenants include the following paragraph relevant to this appeal:

8. FENCING: No fences are to be permitted within 25 feet of the perimeter of the fairways. If fences are built they must be built within property lines and in harmony with existing structures. The Recreation Board may elect to install uniform fencing between homesites and fairways on those lots adjoining the course. Any fences along the road right-of-way shall in no way be built upon the right-of-way.

In July of 1997, the Shaws purchased a home and lot in the Subdivision and adjacent to the golf course. The warranty deed to the Shaws specifically incorporated the Covenants. In the fall of 1997, the Shaws built a fence inside their property line, between their house and the golf course. Delgado objected to the fence, and asked the Shaws to remove it. When that request was unavailing, Delgado filed a Complaint for Declaratory and Injunctive Relief.

Both parties filed motions for summary judgment, along with supporting briefs and documentation. The district court granted summary judgment in favor of the Shaws. The district court's order included the following findings of fact:

10. Prior to 1989, the golf course was in the process of developing and maturing. Prior to 1989, the entire golf course was not mowed to differing lengths due in part to the maturity of the course and due in part to the fact that the golf course had only one mower.

11. The term "fairway" refers to the closely mown area of a golf course between the tee and the putting green.

* * *

13. Defendant's fence is located more than 25 feet from the perimeter of the fairway as depicted on Exhibit "W" and as the fairway actually existed at the time the fence was constructed.

Our standard for reviewing grants of summary judgment is well established, and we recently summarized it:

Summary judgment is appropriate only when no genuine issues of material fact exist and the prevailing party is entitled to judgment as a matter of law. W.R.C.P. 56; *Century Ready–Mix v. Campbell County School District*, 816 P.2d 795, 798 (Wyo.1991). A material fact is any fact that, if proved, would establish or refute an essential element of a claim or defense asserted by a party. *Century Ready–Mix*, 816 P.2d at 799. When reviewing a grant of summary judgment, we will consider the record in the light most favorable to the party opposing the motion and give that party the benefit of all favorable inferences we may fairly draw from the record. *Id.* (citing *Doud v. First Interstate Bank of Gillette*, 769 P.2d 927, 928 (Wyo.1989)). If we can uphold summary judgment on the record presented, under any proper legal theory, we will. *Id.* (citing *Reeves v. Boatman*, 769 P.2d 917, 918 (Wyo.1989)).

*Hulse v. First Interstate Bank of Commerce–Gillette*, 994 P.2d 957, 958–59 (Wyo.2000).

Delgado contests the district court's ruling that "[t]he term 'fairway' refers to the closely mown area of a golf course between the tee and the putting green." Delgado further contends that, although the fence may have been twenty-five feet from the fairway perimeter when the fence was built, the configuration of fairways is subject to change, which could bring the fairway within twenty-five feet of the fence in the future. As an alternative interpretation, Delgado asserts the proposition that the Covenants were intended to prohibit fences within twenty-five feet of the course boundary.

In support of its definition of "fairway," the district court cited two dictionaries. We have found consistent definitions in sources even more authoritative on the subject of golf. Robert Gensemer, *Beginning Golf 2*, 103 (1986); Ian Morrison, *The Hamlyn Encyclopedia of Golf* 51 (1986). Our search has turned up no suggestion that, in connection with golf, particularly a golf course, the word "fairway" has any meaning other than that ascribed to it by the district court.

The district court held that since the Shaws' fence was at least twenty-five feet from the fairway, there was no violation of the Covenants. In this Court, Delgado has presented nothing that refutes that ruling, and nothing to support the contention that the phrase "perimeter of the fairways" in the Covenants actually means "course boundary." Since there is no genuine issue of material fact with respect to the Shaws' fence being located at least twenty-five feet from the fairway, we hold that the district court properly granted summary judgment.

The Order Granting Summary Judgment for Defendants that was entered in the district court is affirmed.