2002 WY 58

**The CITY OF POWELL, an incorporated municipality in Park County, Wyoming, Appellant (Defendant),**

v.

**Ardyce BUSBOOM and Lamoine Busboom, residents of Park County, Wyoming, Appellees (Plaintiffs).**

**No. 01–85.**

Supreme Court of Wyoming.

April 12, 2002.

---

2. This Court has used the same rationale in invalidating a statute that authorized suspension of drivers' licenses for persons under the age of majority who illegally possessed alcohol, where the violation bore no rational relationship to driver's licensing. *Johnson v. State Hearing Examiner's Office*, 838 P.2d 158, 167 (Wyo.1992). While *Johnson* had more to do with equal protection than it did with administrative law or statutory construction, the underlying concept of the state interfering with the exercise of a right or privilege is the same.

Stuart R. Day and Susan Chapin Stubson of Williams, Porter, Day & Neville, P.C., Casper, WY, Representing Appellant.

Glenn E. Smith of Glenn E. Smith & Associates, Cheyenne, Wyoming; and Steven A. Hanson of Hanson Law Office, Billings, MT, Representing Appellees.

Before LEHMAN, C.J., and GOLDEN, HILL, KITE, and VOIGT, JJ.

KITE, Justice.

[¶ 1]   Ardyce Busboom was employed by the City of Powell, and her husband, Lamoine Busboom, was self-employed. They were both covered by the City of Powell's health benefits plan which excluded coverage for work-related injuries including those arising from self-employment. Over a period of years, the City of Powell and its agent, Mountain States Administration Company (MSA), paid several of Mr. Busboom's work-related claims because the claim forms identified the injuries as being nonwork related. The Busbooms contended the City of Powell was estopped from denying Mr. Busboom's latest claim because it had covered prior similar claims and the Busbooms relied upon that coverage. The district court granted a summary judgment in favor of the Busbooms on the grounds of promissory estoppel, and the City of Powell appealed. We conclude the City of Powell's action did not, as a matter of law, establish a clear and definite promise so as to permit the Busbooms to recover under the promissory estoppel theory. We reverse the summary judgment in favor of the Busbooms and remand for the entry of a summary judgment in favor of the City of Powell.

### ISSUE

[¶ 2]   The City of Powell presents the following issue for our review:

A.   Did the district court err in its finding that Appellees Ardyce and Lamoine Busboom were entitled to judgment as a matter of law based on the uncontroverted facts contained in the record as to Plaintiffs' First Claim for Relief against the City of Powell alleging Promissory Estoppel?

The Busbooms accept the City of Powell's statement of the issue.

### FACTS

[¶ 3]   Mrs. Busboom has been an employee with the City of Powell since 1977. In 1989, the City of Powell adopted a partially

self-funded health benefits plan (the plan). It contracted with MSA, a third-party administrator for employee health plans, to make all decisions regarding coverage for individuals covered under the plan. MSA's decision-making power was based exclusively on the language provided in the plan, and it was not given a discretionary function. Since 1989, three different versions of the plan have been in existence. The initial plan contained an exclusion from coverage for "[t]reatment or services due to accidents which are COVERED UNDER WORKER'S COMPENSATION or similar legislation, or for any accident or illness which occurs while engaged in an occupation for wage or profit with any employer." Every time the City of Powell adopted a new plan, it gave a new employee benefits booklet to each employee. The City of Powell adopted a new plan in 1996 which likewise contained an exclusion from coverage for:

2. Expenses for or in connection with any Injury or Illness which arises out of or in the course of any occupation for wage or profit *or* for which the Covered Person would be entitled to compensation under any **Worker's Compensation Law** or occupational disease law or similar legislation.

[¶ 4] Yet again, the City of Powell adopted a new plan in 1998. As had occurred in the past, it distributed an employee benefits booklet to all employees. Mrs. Busboom certainly was aware of the new plan because, as part of her employment duties, she witnessed the mayor's signature on the adoption of the new plan. The new plan specified that injuries incurred in connection with self-employment were excluded from coverage as being work-related and, therefore, would not cover:

2. Expenses for or in connection with any Injury or Illness which arises out of or in the course of any occupation for wage or profit (including self-employment) *or* for which the Covered Person would be entitled to compensation under any **Worker's Compensation Law** or occupational disease law or similar legislation.

The only difference between this version and the previous version was the addition of the parenthetical language which specifically referenced self-employment.

[¶ 5] At all times material to this cause of action, Mr. Busboom was a self-employed contractor. In 1989, 1995, and 1997, Mr. Busboom, a covered dependent, suffered three work-related injuries for which he submitted claims under his wife's plan. The previous claims administrator approved his 1989 claim for work-related benefits as M.S.A. § had not yet been retained. There are no facts in the record to explain on what basis the claims administrator provided coverage to Mr. Busboom for that work-related claim. However, the last two times he was injured, a box on the claim forms was checked which indicated his injuries were not work-related. The record confirms the medical providers erroneously completed and submitted the forms and the Busbooms did not see or have an opportunity to change the checked box on the forms. Based upon those forms, M.S.A. § approved both claims for benefits.

[¶ 6] In 1998, Mr. Busboom suffered another serious injury in the course of his self-employment. On this occasion, M.S.A. § received accurate information that the injury was work-related and denied Mr. Busboom's claim for benefits pursuant to the clear language in the plan. The Busbooms appealed the decision to M.S.A. § to no avail. On May 31, 2000, the Busbooms filed a complaint in the district court against the City of Powell asserting promissory estoppel and a violation of the duty of good faith and fair dealing. They also sought attorney fees. The City of Powell moved for a summary judgment. The district court granted a summary judgment in favor of the City of Powell on the duty-of-good-faith-and-fair-dealing claim, which the Busbooms did not appeal, and both parties stipulated to the dismissal with prejudice of the claim for relief requesting attorney fees. The district court granted a summary judgment in favor of the Busbooms, the nonmoving party, on the grounds of promissory estoppel. *See Leithead v. American Colloid Company*, 721 P.2d 1059, 1064 (Wyo.1986) (recognizing the district court can a grant summary judgment to a nonmoving party). The City of Powell appealed.

## STANDARD OF REVIEW

[¶ 7] Summary judgment is appropriate when no genuine issue as to any material fact exists and the prevailing party is entitled to have a judgment as a matter of law. *Eklund v. PRI Environmental, Inc.*, 2001 WY 55, ¶ 10, 25 P.3d 511, ¶ 10 (Wyo.2001); *see also* W.R.C.P. 56(c). A genuine issue of material fact exists when a disputed fact, if it were proven, would have the effect of establishing or refuting an essential element of the cause of action or defense which the parties have asserted. *Williams Gas Processing—Wamsutter Company v. Union Pacific Resources Company*, 2001 WY 57, ¶ 11, 25 P.3d 1064, ¶ 11 (Wyo.2001). We examine the record from the vantage point most favorable to the party who opposed the motion, and we give that party the benefit of all favorable inferences which may fairly be drawn from the record. *Id.* We evaluate the propriety of a summary judgment by employing the same standards and by using the same materials as were employed and used by the lower court. *Scherer Construction, LLC v. Hedquist Construction, Inc.*, 2001 WY 23, ¶ 15, 18 P.3d 645, ¶ 15 (Wyo.2001). We do not accord any deference to the district court's decisions on issues of law. *Id.*

## DISCUSSION

[¶ 8] Relying on the doctrine of promissory estoppel, the Busbooms argue the previous payments of work-related claims estop the City of Powell from denying coverage for Mr. Busboom's injuries. To succeed on a promissory estoppel claim, a claimant must show

> (1) the existence of a clear and definite promise which the promisor should reasonably expect to induce action by the promisee; (2) proof that the promisee acted to its detriment in reasonable reliance on the promise; and (3) a finding that injustice can be avoided only if the court enforces the promise.

*Roussalis v. Wyoming Medical Center, Inc.*, 4 P.3d 209, 253 (Wyo.2000). The party who is asserting promissory estoppel has the burden of establishing each element of the doctrine under a strict proof standard. *Id.* Whether elements one and two exist are questions for the finder of fact. *Id.* Whether element three exists is decided as a matter of law by the court. *Id.*

## Existence of a Clear and Definite Promise

[¶ 9] The Busbooms assert a clear and definite promise was formed through the City of Powell's prior approval of three different claims for injuries that occurred in the course of Mr. Busboom's self-employment. They contend this prior conduct resulted in an affirmative representation that future injuries arising in the course of his self-employment would be covered under the plan. According to the Busbooms, the City of Powell should have reasonably expected that the payments made on separate occasions would induce forbearance on their part; i.e., they did not purchase additional insurance to adequately protect Mr. Busboom.

[¶ 10] The existence of a clear and definite promise is a fundamental element of promissory estoppel. A promise has been defined as a manifestation of intention to act or to refrain from acting in a specified way made so as to justify a promisee in understanding that a commitment has been made. Restatement (Second) of Contracts § 2(1) (1981); *see also* 1 Richard A. Lord, Williston on Contracts § 1:2 (4th ed.1990); 28 Am. Jur.2d *Estoppel and Waiver* § 55 (2000). "Drawing heavily from the Restatement's definition of promise, it has been suggested that '[a] promise may be stated in words, either orally or in writing, or may be inferred wholly or partly from conduct. . . . Both language and conduct are to be understood in the light of the circumstances.'" *State Bank of Standish v. Curry*, 442 Mich. 76, 500 N.W.2d 104, 108 (1993) (quoting Farber & Matheson, *Beyond promissory estoppel: Contract law and the "Invisible Handshake,"* 52 U. Chi. L.Rev. 903, 932 and n. 104 (1985)). This court has held promissory estoppel provides relief for an " 'injury arising from ***actions or declarations*** which have been acted on in good faith and which would be inequitable to permit a party to retract.' " *Davis v. Davis*, 855 P.2d 342, 347–48 (Wyo. 1993) (quoting *Jankovsky v. Halladay Motors*, 482 P.2d 129, 132 (Wyo.1971)) (emphasis

added); *see also Worley v. Wyoming Bottling Company, Inc.,* 1 P.3d 615, 623 (Wyo. 2000). However, conduct that is not specifically demonstrative of an intention respecting future conduct cannot serve as a foundation for a clear and definite promise. *State Bank of Standish,* 500 N.W.2d at 108.

[¶ 11] The Busbooms correctly recognize that our promissory estoppel jurisprudence has been primarily focused in the employment realm. However, in *Doctors' Company v. Insurance Corporation of America,* 864 P.2d 1018 (Wyo.1993), we embraced the application of the promissory estoppel doctrine to instances involving insurance contracts. In that case, the insured successfully asserted promissory estoppel to preclude an insurer from denying coverage when the insurer's retroactive coverage, without express exclusionary language, was an affirmative representation that coverage would be provided for the potential claim at issue. The insured, a doctor, specifically informed the insurer in his application for insurance coverage of the circumstances surrounding a potential medical malpractice claim that could arise. The insurer responded by issuing a policy with retroactive coverage and, in doing so, failed to expressly exclude coverage for the potential claim. 864 P.2d at 1029–30. That case is easily distinguishable from the instant case wherein the plan specifically includes express exclusionary language for work-related injuries and inaccurate information was provided to M.S.A. § regarding the claims upon which it relied to authorize payments. In *Doctors' Company,* we explained that, if an unambiguous promise is made in circumstances calculated to induce reliance and the promise does so, the promisee may recover damages. 864 P.2d at 1029. The requirement that the promise be calculated to induce reliance is the death knell of the Busbooms' argument.

[¶ 12] The evidence fails to establish the City of Powell made a clear and definite promise calculated to induce reliance. A determination of whether a clear and definite promise exists requires inquiry into the circumstances surrounding the making of the asserted promise. *State Bank of Standish,* 500 N.W.2d at 108–09. The record verifies the City of Powell, through its agent, was under the mistaken belief that Mr. Busboom's injuries were not work-related based upon the submitted claim forms. When Mrs. Busboom was asked whether she knew of any information or evidence which would have alerted M.S.A. § that Mr. Busboom's previous injuries were work-related, she replied "no." Nothing in the record indicates the City of Powell should have reasonably known the claims in the past actually involved payment for work-related injuries. The Busbooms imply the City of Powell, through its agent, should have investigated further to determine whether the information provided was accurate. However, they do not direct this court to any authority for the proposition that an insurer has the duty to investigate all information provided to it prior to paying a claim and, if it does not, it is bound to pay future claims which are expressly excluded under the terms of the insurance contract. "Where the conduct or representation of the party sought to be estopped is due to ignorance founded upon an innocent mistake, no estoppel will arise." 28 Am.Jur.2d *Estoppel and Waiver* § 48 at 477 (2000).[1] Therefore, given the City of Powell's lack of knowledge as a result of a mistake, it could not have calculated to induce the Busbooms to rely on past payments to assure all future claims clearly excluded from coverage would be paid. The mere expectancy of a continued course of conduct is not enough to fall within the umbrella of the promissory estoppel doctrine, even in situations where the disappointment of expectations results in a heavy financial loss. *Tauber v. Jacobson,* 293 A.2d 861, 867 (D.C.Cir. 1972).

[¶ 13] Furthermore, the Busbooms disregard the import of the language in the plan which unambiguously excludes self-employment-related injuries. The City of Powell cannot be forever bound by erroneously providing coverage in the past based solely on another's mistake. This is especially true

---

1. This section falls generally under the theory of equitable estoppel. However, we cannot perceive any countervailing arguments why it should not equally apply in the context of promissory estoppel as both theories are founded on concepts of equity.

considering the City of Powell exercised its right to revise the plan by inserting very specific exclusionary language for self-employment-related injuries.[2] Therefore, even if the City of Powell's prior conduct arguably could have induced reliance, that conduct must be viewed in light of all the circumstances including the amendment to the plan which unequivocally referenced self-employment and was in effect at the time of Mr. Busboom's 1998 injury.

[¶ 14] Finally, the Busbooms rely on various statements and conversations that occurred between Mrs. Busboom and City of Powell employees to reinforce and support the nature of the clear and definite promise. However, the Busbooms concede these statements and conversations alone cannot establish a clear and definite promise. Moreover, the conversations with the city employees occurred after Mr. Busboom was injured and were nothing more than sympathetic words of support from co-workers. Therefore, they cannot form the basis of a clear and definite promise made before the injury occurred which is sufficient to overcome the effect of an express exclusion in the plan.

[¶ 15] We conclude, as a matter of law, there is no support in the record for a finding of a clear and definite promise calculated to induce reliance. Given this holding, the first criteria of the Busbooms' promissory estoppel claim has not been satisfied. Failure to satisfy one element defeats a promissory estoppel claim; therefore, we do not need to consider the two remaining elements. *Hulse v. First Interstate Bank of Commerce–Gillette,* 994 P.2d 957, 959 (Wyo.2000).

[¶ 16] We recognize our holding may impose a financial hardship on the Busbooms. However, we cannot let our sympathy for their circumstances govern our decision as a matter of law. In the summary judgment context, we generally either affirm the district court's order or reverse and remand for further proceedings. *Leithead,* 721 P.2d at 1063. However, there are certain instances, such as in this case, in which we reverse and remand with instructions to the district court to enter summary judgment in favor of the unsuccessful party. 721 P.2d at 1063–64.

We hold that entry of a summary judgment in favor of the City of Powell is appropriate.

[¶ 17] Reversed and remanded.

---

2. A provision in the plan permitted it to be amended at any time.