2003 WY 28

Barbara RAWLINSON, and Aaron Rawlinson, Adrienne Rawlinson and Kristen Rawlinson, Minors, by and through their next best friend and mother, Barbara Rawlinson, Appellants (Plaintiffs),

v.

Helen GREER and No. 1 Properties, Inc., Appellees (Defendants).

No. 02–54.

Supreme Court of Wyoming.

Feb. 28, 2003.

Bernard Q. Phelan and Carol K. Watson of Phelan–Watson Law Office, Cheyenne, Wyoming, Representing Appellants.

Gary R. Scott of Hirst & Applegate, P.C., Cheyenne, Wyoming, Representing Appellees.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

KITE, Justice.

[¶ 1] Appellant Barbara Rawlinson purchased a home in Cheyenne in 1994. A few months after she and her family moved into the home, they discovered water seepage in the crawl space. Ms. Rawlinson and Appellants Aaron Rawlinson, Adrienne Rawlinson, and Kristen Rawlinson brought suit against Appellees No. 1 Properties, Inc. and Helen Greer, who acted as the real estate agency and associate broker for the transaction. The district court held the two-year statute of limitation applicable to professional negli-

gence applied to realtors and, consequently, dismissed the Rawlinsons' negligence claims because they did not file their complaint within the limitation period.

[¶ 2]   We affirm.

## ISSUES

[¶ 3]   The Rawlinsons present the following issue for our review: "Does Wyo. Stat. § 1–3–107, providing a two-year statute of limitation for licensed or certified professionals, apply to acts or omissions of a licensed realtor alleged to have been committed in 1994?" The appellees phrase the issue as: "Did the District Court err in granting Defendants' Renewed Motion for Summary Judgment on Plaintiffs' negligence claims, on the basis that the statute of limitations barred those claims?"

## FACTS

[¶ 4]   This is the second time this case has been before the Wyoming Supreme Court for appellate review. In the first appeal, we affirmed the summary judgment in favor of Cheyenne Board of Public Utilities. *Rawlinson v. Cheyenne Board of Public Utilities,* 2001 WY 6, 17 P.3d 13 (Wyo.2001). We recite herein only the facts which are relevant to this appeal.

[¶ 5]   In 1994, the sellers listed their Cheyenne home for sale through No. 1 Properties. Ms. Greer was employed by No. 1 Properties and acted as the listing agent for the sellers. She was licensed by the Wyoming Real Estate Commission as an associate broker.

[¶ 6]   Ms. Rawlinson's attorney-in-fact contacted No. 1 Properties and Ms. Greer for assistance in locating a home in Cheyenne for Ms. Rawlinson. No. 1 Properties and Ms. Greer showed the attorney-in-fact the sellers' home. On December 13, 1994, Ms. Rawlinson and the sellers entered into a contract for sale. Because No. 1 Properties and Ms. Greer assisted both parties, they acted in the capacity of dual agent.

[¶ 7]   Prior to the closing, Ms. Rawlinson had the home inspected for structural integ-

rity. The report noted the soil in the crawl space was wet and stated that, consequently, a positive "no-leak" condition could not be established. The property sale closed, and the Rawlinsons moved into the home on January 9, 1995. In June 1995, the Rawlinsons discovered water in the home's crawl space.

[¶ 8]   After various attempts to rectify the water problem, the Rawlinsons filed an action in the district court on December 11, 1998. The complaint and amendment thereto stated causes of action against the sellers, the inspector, the home builder, Cheyenne Board of Public Utilities, the City of Cheyenne, and the appellees.[1] The Rawlinsons asserted a number of causes of action against the appellees, including claims sounding in negligence, breach of contract, and fraud. The appellees filed a motion for summary judgment. The district court granted the appellees' motion on the Rawlinsons' claims for fraud and breach of contract, and the Rawlinsons did not appeal that determination.

[¶ 9]   As to the Rawlinsons' negligence cause of action, the appellees argued the two-year statute of limitation for professional negligence set forth at Wyo. Stat. Ann. § 1–3–107(a) (LexisNexis 2001) applied to that claim. The appellees maintained the Rawlinsons' claims were barred because the limitation period expired prior to the commencement of the lawsuit. The district court initially denied the appellees' motion for summary judgment on the professional negligence claim, ruling § 1–3–107(a) did not apply because realtors were not "licensed or certified professional[s]" within the meaning of the statute.

[¶ 10]   After this court issued its decision in *Hulse v. First American Title Company of Crook County,* 2001 WY 95, ¶¶ 57–61, 33 P.3d 122, ¶¶ 57–61 (Wyo.2001), the appellees renewed their motion for summary judgment. The district court reconsidered its earlier decision and granted the appellees' motion. The Rawlinsons appealed.

## DISCUSSION

### A. Standard of Review

[¶ 11]   Summary judgment is appropriate when no genuine issue as to any

1.   All the other defendants have been dismissed from the action.

material fact exists and the prevailing party is entitled to have a judgment as a matter of law. *City of Powell v. Busboom*, 2002 WY 58, ¶ 7, 44 P.3d 63, ¶ 7 (Wyo.2002); *Eklund v. PRI Environmental, Inc.*, 2001 WY 55, ¶ 10, 25 P.3d 511, ¶ 10 (Wyo.2001); W.R.C.P. 56(c). This court evaluates the propriety of a summary judgment by applying the same standards and utilizing the same materials as the lower court. *Busboom*, 2002 WY 58, ¶ 7; *Scherer Construction, LLC v. Hedquist Construction, Inc.*, 2001 WY 23, ¶ 15, 18 P.3d 645, ¶ 15 (Wyo.2001). This case involves a pure question of law, and we do not defer to the district court's decisions on issues of law. *Id.*

## B. Two–Year Professional Negligence Statute of Limitation

[¶ 12] The district court ruled § 1–3–107(a), the two-year statute of limitation applicable to negligence claims against licensed and certified professionals, applied to the realtors in this case. Because the Rawlinsons did not file their lawsuit within two years after they discovered the water problem, the district court dismissed their claims. The Rawlinsons argue that the district court misinterpreted Wyoming law.

[¶ 13] Section 1–3–107(a) states in relevant part:

(a) A cause of action arising from an act, error or omission in the rendering of licensed or certified professional or health care services shall be brought within the greater of the following times:

(i) Within two (2) years of the date of the alleged act, error or omission, except that a cause of action may be instituted not more than two (2) years after discovery of the alleged act, error or omission, if the claimant can establish that the alleged act, error or omission was:

(A) Not reasonably discoverable within a two (2) year period; or

(B) The claimant failed to discover the alleged act, error or omission within the two (2) year period despite the exercise of due diligence.

[¶ 14] The question in this case is whether a realtor is a "licensed or certified professional" within the meaning of § 1–3–107(a). In answering this question, we must apply our well established test for interpreting statutes:

We first decide whether the statute is clear or ambiguous. This Court makes that determination as a matter of law. A "statute is unambiguous if its wording is such that reasonable persons are able to agree as to its meaning with consistency and predictability." *Allied–Signal, Inc.* [*v. Wyoming State Board of Equalization*], 813 P.2d [214,] 220 [(Wyo.1991)]. A "statute is ambiguous only if it is found to be vague or uncertain and subject to varying interpretations." 813 P.2d at 219–20.

If we determine that a statute is clear and unambiguous, we give effect to the plain language of the statute.

We begin by making an " 'inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection.' " *Parker Land and Cattle Company v. Wyoming Game and Fish Commission*, 845 P.2d 1040, 1042 (Wyo.1993) (quoting *Rasmussen v. Baker*, 7 Wyo. 117, 133, 50 P. 819, 823 (1897)). We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe together all parts of the statute *in pari materia.*

*State Department of Revenue and Taxation v. Pacificorp*, 872 P.2d 1163, 1166 (Wyo.1994). If we determine that the statute is ambiguous, we resort to general principles of statutory construction to determine the legislature's intent.

*State v. Bannon Energy Corporation*, 999 P.2d 1306, 1308–09 (Wyo.2000) (some citations omitted); *see also Powder River Coal Company v. Wyoming State Board of Equalization*, 2002 WY 5, ¶ 6, 38 P.3d 423, ¶ 6 (Wyo.2002).

[¶ 15] This court has applied § 1–3–107(a) to claims against various types of licensed or certified professionals, including physicians, attorneys, surveyors, and chiropractors. *See, e.g., Edwards v. Fogarty*, 962 P.2d 879 (Wyo.1998) (physician); *Murphy v. Housel & Housel*, 955 P.2d 880 (Wyo.1998) (attorneys); *Bredthauer v. Christian*,

*Spring, Seilbach and Associates,* 824 P.2d 560 (Wyo.1992) (land surveyors); *Mills v. Garlow,* 768 P.2d 554 (Wyo.1989) (accountant); *Echols v. Keeler,* 735 P.2d 730 (Wyo. 1987) (chiropractor).

[¶ 16] The State of Wyoming regulates the realty profession. *See, e.g.,* Wyo. Stat. Ann. §§ 33–28–101 to –124; §§ 33–28–201 to –206; §§ 33–28–301 to –309 (LexisNexis 2001). In particular:

> [I]t is unlawful for any person to engage in or conduct, directly or indirectly, or to advertise or hold himself out as engaging in or conducting the business, or acting in the capacity of a real estate broker, associate broker or a real estate salesman within this state without first obtaining a license as a broker, associate broker or salesman, as provided in this act.

Section 33–28–101. Consequently, because licensure is required before a person may work in the real estate profession, realtors would seem to fall under the plain language of § 1–3–107(a).

[¶ 17] Wyoming precedent also supports categorizing realtors as licensed or certified professionals within the meaning of § 1–3–107(a). As early as 1981, we stated that " 'a real estate agent hired by the vendor is expected to be honest, ethical, and competent and is answerable at law for breaches of his or her statutory duty to the public.' " *Hagar v. Mobley,* 638 P.2d 127, 137 (Wyo.1981) (quoting *Dugan v. Jones,* 615 P.2d 1239, 1248 (Utah 1980)). The *Hagar* decision also stated:

> Realtors, just like doctors, lawyers, engineering consultants, and builders, hold themselves out as professionals; it is their job to know their profession. People rely on and trust them. Failure to comply with either the accepted standards in the field or the standards society is willing to recognize as acceptable, is actionable.

638 P.2d at 138; *see also Snyder v. Lovercheck,* 992 P.2d 1079, 1089 (Wyo.1999). "[T]he failure to maintain those standards of skill, competency and integrity exposes realtors to, in effect, malpractice actions." *Hagar,* 638 P.2d at 137. Consequently, the law expects a high standard of care from realtors, and courts may define the standard

of care applicable to realtors by looking to legislative enactments. *Id.* In *Hulse,* 2001 WY 95, ¶ 60, we stated it was obvious the *Hagar* decision considered a claim against a realtor as being grounded in professional negligence. This court expressly reaffirmed this aspect of the *Hagar* holding in *Hulse.*

[¶ 18] In 1997, the legislature essentially codified the *Hagar* decision and clarified the duty of care owed by real estate professionals when acting in the capacity of seller's agent, buyer's agent, or intermediary agent. *Hulse,* 2001 WY 95, ¶ 60; § 33–28–303 (agent engaged by seller); § 33–28–304 (agent engaged by buyer); § 33–28–305 (intermediary agent). Moreover, in 2000, the legislature adopted § 33–28–124 which provides in pertinent part: "A cause of action arising from an act, error or omission in the rendering of services provided by a licensee under this act shall be brought within the time limits provided under W.S. 1–3–107." In *Hulse,* we expressly stated that § 1–3–107(a) was applicable to claims arising after July 1, 2000—the effective date of § 33–28–124.

[¶ 19] The Rawlinsons seize upon this language in *Hulse* and argue that **only** claims arising after the effective date of § 33–28–124—July 1, 2000—fall within the scope of § 1–3–107(a). We acknowledge the *Hulse* decision specifically stated the two-year professional negligence statute of limitation applies to claims arising after July 1, 2000. We did not, however, decide in *Hulse* which statute of limitation would apply for claims against realtors arising prior to July 1, 2000.

[¶ 20] In resolving this issue, the preamble to § 33–28–124 is instructive. The preamble states in pertinent part: "AN ACT relating to causes of actions involving real estate services; specifying that existing statute of limitations for causes of action in the rendering of licensed or certified professional services is applicable to causes of action in the rendering of real estate services by real estate licensees." 2000 Wyo. Sess. Laws ch. 16. While a preamble to a statute is not binding, it is worthy of consideration by the court in discerning the legislature's intention in adopting a statute. The preamble to

§ 33–28–124 confirms the legislature intended to clarify and codify the existing law.

[¶ 21] This court presumes " 'that the legislature enacts legislation with full knowledge of existing law and with reference to other statutes and decisions of the courts. Such legislation should, therefore, be construed in a way that creates a consistency and harmony within the existing law.' " *Hoff v. City of Casper—Natrona County Health Department,* 2001 WY 97, ¶ 30, 33 P.3d 99, ¶ 30 (Wyo.2001) (quoting *Capwell v. State,* 686 P.2d 1148, 1152 (Wyo.1984)). When the legislature adopted § 33–28–124, the existing law included the *Hagar* decision which, according to *Hulse,* established that a claim against a realtor was a claim for professional negligence. Therefore, when we construe the clear language of § 1–3–107(a) together with § 33–28–124 and the Wyoming statutes which license and regulate realtors and in the context of the holdings of *Hagar* and *Hulse,* we conclude § 1–3–107(a) applies to all claims against realtors, even those which arose prior to July 1, 2000.

[¶ 22] We hold that a claim against a realtor has always been a claim for professional negligence. Realtors are licensed or certified professionals within the scope of § 1–3–107(a), and the two-year limitation period applies to claims against realtors. The undisputed record in this case establishes that the Rawlinsons moved into the home on January 9, 1995, and became aware of the water problem in June 1995. They filed their lawsuit on December 11, 1998, well after the two-year limitation period expired. The district court, therefore, properly ruled that § 1–3–107(a) barred their claims and granted summary judgment in favor of the appellees.

[¶ 23] Affirmed.