# *IN THE SUPREME COURT, STATE OF WYOMING*

## 2013 WY 6

*October Term, A.D. 2012*

*January 16, 2013*

STEVEN SHERMAN,

**Appellant
(Defendant),**

**v.**                                              S-12-0100

THE STATE OF WYOMING,

**Appellee
(Plaintiff).**

### ORDER AFFIRMING JUDGMENT AND SENTENCE OF THE DISTRICT COURT

[¶1]     **This matter** came before the Court upon the "*Pro Se* Brief of Appellant," which was filed herein December 26, 2012.   Appellant entered an "*Alford*" guilty plea to one count of conspiracy to possess methamphetamine with intent to deliver.  The district court imposed a sentence of 7 to 10 years.  Appellant took this appeal.  On October 17, 2012, appellant's court-appointed appellate counsel filed a "Motion to Withdraw as Counsel," pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967).  Following a careful review of the record and the "Anders brief" submitted by counsel, this Court entered its "Order Granting Permission for Court Appointed Counsel to Withdraw," on November 6, 2012.  That Order provided that the District Court's "Judgment and Sentence" would be affirmed unless, on or before December 26, 2012, appellant filed a brief that persuades this Court that the captioned appeal is not wholly frivolous.  In response to this Court's order, Appellant filed his "*Pro Se* Brief of Appellant."

[¶2]     This Court has carefully reviewed Appellant's brief, in which he claims that trial counsel was ineffective.  This Court finds that Appellant's brief has not provided any reason to conclude that this appeal has merit.  With respect to Appellant's complaints about trial counsel's communication (or lack thereof) and advice, the record does not include evidence to support his factual assertions.  Without record support for those claims, the claims lack merit.  With respect to Appellant's complaints that trial counsel was ineffective in failing to challenge a search warrant and affidavit, this Court sees no merit to Appellant's contention that the affidavit was improperly based on the beliefs of the affiant.  *See Page v. State*, 2003 WY 23, ¶ 10, 63 P.3d 904, 910 (Wyo. 2003) ("The deficiencies in the affidavit that was used to obtain the search

warrant in this case are patent.  To begin with, the affidavit states that the affiant's "personal knowledge" is based upon "information and belief," the latter standard having long been found wanting in this state.  *Cordova*, 2001 WY 96, ¶ 16, 33 P.3d at 149; *State v. Peterson*, 27 Wyo. 185, 194 P. 342, 348 (1920).")  Also, Appellant has not established how he was prejudiced by counsel's alleged deficient performance.  It is, therefore,

[¶3]   **ORDERED** that the District Court's March 16, 2012, "Judgment and Sentence" be, and the same hereby is, affirmed.

[¶4]   **DATED** this 16th day of January, 2013.

BY THE COURT:

/s/

**MARILYN S. KITE**
**Chief Justice**
